| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | JS-6 |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | |
| Case No. | 2:20-cv-9398-SVW | Date | December 10, 2020 |
| Title | *Chaos Enterprises, Inc. et al. v. Hartford Fire Insurance Co. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** ORDER GRANTING [20] PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's motion to remand this case to Los Angeles Superior Court. Dkt. 20. Defendants oppose Plaintiff's motion, arguing that Plaintiff cannot state a viable claim against PCF Insurance Services ("PCF")––the broker that procured Plaintiff's insurance policy––and, accordingly, PCF is a fraudulently joined Defendant. Dkt. 23. In doing so, Defendants note that Plaintiffs have not alleged that they asked PCF for coverage for losses caused specifically by viruses, and Defendants argue Plaintiff's allegations are insufficient to impose a special duty of care upon PCF. *Id.*

The Court rejects Defendants' argument. Fraudulent joinder does not exist unless an alleged failure to state a claim is "obvious" according to the settled rules of the state. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Courts must remand if there is a "*possibility* that a state court would find that the complaint states a cause of action against any of [non-diverse] defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (emphasis in original). Further increasing the burden of establishing fraudulent joinder is the permissive pleading standard applied in the inquiry, which requires courts to "consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550; *see also Martinez v. Gen. Dynamics C4 Sys., Inc.*, 2012 WL 1831569, at *3 (N.D. Cal. May 18, 2012) (noting the court's "agree[ment] with those courts that have found a defendant's reliance on an arguably curable pleading deficiency is insufficient to demonstrate fraudulent joinder"); *Bell v. Terminix Int'l Co. Ltd. P'ship*, 2016 WL 3166318, at *7 (D. Haw. June 6, 2016) ("[I]n asserting a fraudulent joinder claim, consideration of the possibility of a future amendment should not be foreclosed.")

Here, Plaintiff's complaint could possibly be cured to address the alleged deficiencies noted by Defendants. Accordingly, there is a possibility that a state court would find that Plaintiff's complaint states a cause of action against PCF, and remand is warranted. *See Grancare*, 889 F.3d at 549.

Plaintiff's motion is therefore GRANTED. The case is remanded to Los Angeles Superior Court.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | PMC |